UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRAUDIS and | ) | |
| VICKI BRAUDIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV567MLM |
| | ) | |
| VANDERBILT MORTGAGE AND | ) | |
| FINANCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Vanderbilt Mortgage and Finance, Inc. ("Defendant"). Doc. 16. Plaintiffs Christopher Braudis and Vicki Braudis (jointly, "Plaintiffs") filed a Response. Doc. 24. Defendant filed a Reply. Doc. 25. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 10.

## STANDARD FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co.,

327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's motion.

## UNDISPUTED FACTS[1]

Plaintiffs' Complaint alleges that they were the owners of property located at 20 August Alp Ct., in St. Charles, Missouri; that, on August 8, 2007, Plaintiffs executed a Promissory Note (the "Note") with a lien perfected by a Deed of Trust held by First Franklin Financial Corp. ("First Franklin") on the property; that Defendant claims that it is the holder of the Deed of Trust and the Note; that, in an assignment of the Deed of Trust, dated November 2010, and filed with the St. Charles County Recorder of Deeds, the Mortgage Electronic Registration Systems, Inc. ("MERS"),

---

[1] The facts are undisputed unless otherwise stated.

as nominee for First Franklin, purportedly assigned and transferred to Defendant, all its right, title, and interest in and to "a certain mortgage" executed by Plaintiffs on August 8, 2007; that First Franklin was not a member of MERS when the mortgage was assigned; that MERS did not have authority or the ability to transfer any interests of First Franklin; and that Defendant has not provided sufficient evidence to Plaintiffs that it is the holder of the Note and/or Deed of Trust executed by Plaintiffs. In Count I, Plaintiffs seek to Quiet Title and ask the court to determine the estate, title and interest of the parties and to decree that Plaintiffs are the owners of the said real estate. In Count II, Plaintiffs allege "Slander of Title," in that, among other things, Defendant did not have an enforceable security interest in the property and made false allegations in this regard at the time it filed a notice of foreclosure. In Count III, Plaintiffs allege Wrongful Foreclosure, in that Defendant had no legal basis for initiating foreclosure actions against Plaintiffs' property. Doc. 1-1.

Defendant filed a Counterclaim in which it alleges that Plaintiffs have defaulted on the Note; that, as of November 9, 2011, the amount owed by Plaintiffs under the terms of the Note, with interest and fees accruing, was $137,517.12; and that, despite demand for payment, Plaintiffs have failed and refuse to pay the amount due by them to Defendant. Defendant seeks judgment in its favor in the amount of $137,517.12, plus prejudgment and post judgment interest, attorney's fees, costs, and other relief the court deems just and proper. Doc. 15.

Plaintiffs executed the Note on August 8, 2007, in favor of First Franklin. The original principal amount of the Note was $261,000. On August 8, 2007, Plaintiffs executed the Deed of Trust in favor of First Franklin. The Deed of Trust lists First Franklin as lender, Plaintiffs as borrowers, and MERS as the beneficiary and nominee of lender and lender's successors and assigns.

In its Statement of Uncontroverted Facts, ¶ 4, Defendant states that First Franklin sold, assigned, transferred, set over, and conveyed the Note to Defendant through a Blanket Assignment,

on January 28, 2008. Doc. 17, Def. Statement of Uncontroverted Facts, ¶ 4.  In support of their denial of the factual allegations of Defendant's Statement of Uncontroverted Facts, ¶ 4, Plaintiffs state that they made "repeated demands for presentment of the Note," upon which Defendant relies in its pursuing foreclosure of Plaintiffs' property; that the demand was made pursuant to the Uniform Commercial Code ("UCC"), Mo. Rev. Stat. 400.3-501;[2] that Defendant has not presented the Note to Plaintiffs or any of their authorized representatives; and that, because Defendant has failed to present the Note, Plaintiffs cannot be deemed to have dishonored the Note, and, as such, lawful foreclosure cannot proceed. Doc. 23, ¶ 4.

MERS, as nominee for First Franklin, assigned the Deed of Trust to Defendant (the "Assignment"), on November 10, 2010. The Assignment was recorded by the Recorder of Deeds in St. Charles County, on December 7, 2010 in book DE5509, page 620.  In its Statement of Uncontroverted Facts, ¶ 6, Defendant states that Plaintiffs defaulted on the Note and Deed of Trust when they ceased making payments due under the Note in November 2010. Doc. 17, ¶ 6.  Upon denying the factual allegations of ¶ 6, Plaintiffs do not deny that they defaulted.  Plaintiffs merely state that they did not have an obligation to Defendant. Doc. 23, ¶ 6.

Defendant initiated foreclosure proceedings thereafter, and on March 1, 2011, a trustee's sale (the "Trustee's Sale") was held, where Defendant was the successful bidder.  The property subject to the Deed of Trust and Note was sold at such foreclosure sale for $165,000.  In its Statement of Uncontroverted Facts, ¶ 9, Defendant states that, as of November 9, 2011, there remains a balance due and owing on the Note of $137,517.13 with interest and fees to accrue.   In support of their

---

[2]     Plaintiffs actually references "RSMo Sec. 400.3-50."  As there is no such statute and as Mo. Rev. Stat. § 400.3-501 defines and regulates presentment of negotiable instruments, the court will assume that Plaintiffs intend to reference this statutory provision.

denial of the factual allegations of ¶ 9 of Defendant's Uncontroverted Facts, Plaintiffs merely state that they deny owing any debt to Defendant. Doc. 23, ¶9.

## DISCUSSION

Defendant seeks summary judgment as to Plaintiffs' Complaint in its entirety and as to its Counterclaim. Defendant argues that there are no genuine issues of material fact based on Plaintiffs' Responses to Defendant's Statement of Uncontroverted Facts, as described above. As such, Defendant contends that the court should issue a judgment as a matter of law in its favor.

Plaintiffs contend that there are genuine issues of material fact because they deny being in default on any Note and Deed of Trust allegedly owed to Defendant. Plaintiffs further argue that the Motion for Summary Judgment should be denied because there are genuine issues of material fact as to whether Defendant was the legal holder of the Note, as to whether there is a remaining balance of $137,517.13 on the Note, and as to whether Defendant has a standing to assert that it is entitled to receive any payment on the Note.

As stated above, summary judgment is properly granted when there are no genuine issues of material fact. See Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56(c)(1) requires that a party asserting that a fact offered in support of a motion for summary judgment is in dispute "support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Additionally, Local Rule 7-4.01(E) for the District Court, Eastern District of Missouri, provides that "[a] memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and if so, the appropriate citations." Local Rule 7- 4.01(E) further provides that:

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

(emphasis added).

In any case, "[a] party cannot defeat summary judgment by asserting 'the mere existence of some alleged factual dispute between the parties.'" Quinn v. St. Louis County, 653 F.3d 745, 751 (8th Cir. 2011) (quoting Anderson, 477 U.S. 242, 247–48).

In compliance with Rule 56 and Local Rule 7-4.01(E), Defendant's Statement of Uncontroverted Facts cites a supporting affidavit and documentation. In particular, in support of ¶ 4 of its Uncontroverted Facts, in which Defendant asserts that First Franklin sold, assigned, transferred, set over and conveyed the Note to Defendant through the Blanket Assignment, Defendant has provided a supporting Affidavit from Jessica McCray, Defendant's Legal Affairs Representative. In her affidavit Ms. McCray attests to the veracity of the allegations of ¶ 4 of Defendant's Statement of Uncontroverted Facts. Def. Ex. A, ¶ 9. Defendant has also provided the Blanket Assignment which is consistent with the allegations of ¶ 4. Def. Ex. A-3. Moreover, Defendant's Ex. A-1 is the Note and its Exhibit A-2 is the Deed of Trust. Additionally, Defendant's Exhibit A-4 is the Recorder of Deeds Certificate, which states that "FOR VALUE RECEIVED

6

[MERS] as nominee for [First Franklin] hereby assign[s] and transfer[s] to [Defendant] its successors and assigns, all its right, title and interest in and to a certain mortgage executed by [Plaintiffs]" on August 8, 2007. Defendant's Exhibit A- 4 references the property at issue in this matter. Additionally, Plaintiff Christopher Braudis testified in his deposition that "at some point in '08, ... [Plaintiffs] started making [payments] to [] Vanderbilt." Doc. 25, Ex. B at 15. Further, in the Order for Relief From Stay issued by the United States Bankruptcy Court, Eastern District of Missouri, the bankruptcy court found that Defendant was a secured creditor and that Plaintiffs defaulted under the terms of the Promissory Note and Deed of Trust. Specifically, the Bankruptcy Court held that "[Defendant] shall be free to exercise its rights and remedies under the Promissory Note, Deed of Trust, or as provided by law, including but not limited to foreclosure of its lien and or a Deed of Trust Sale in the [Property]." Doc. 25, Ex. G at 2.

In support of their denial of the factual allegations of Defendant's Statement of Uncontroverted Facts, ¶ 4, as set forth above, Plaintiffs merely state that they have made "repeated demands for presentment of the Note, upon which Defendant relies in pursuing foreclosure of Plaintiffs' property; that Defendant has not presented the Note to Plaintiffs or any of their authorized representatives; and that, because Defendant has failed to present the Note, Plaintiffs cannot be deemed to have dishonored the Note, and, as such, lawful foreclosure cannot proceed. Doc. 23, ¶ 4. Pursuant to Fed. R. Civ. P. 56(c)(1)-(4), (d) and Local Rule 7-4.01(E), Plaintiffs mere denial, in response to the factual allegations of ¶ 4, that they do not have an obligation pursuant to the Note, is insufficient to controvert the allegations of ¶ 4 of Defendant's Statement of Uncontroverted Facts. In this regard, Plaintiffs fail to provide deposition testimony, documentation, or an affidavit to support their denial of the factual allegations of ¶ 4. Plaintiffs, moreover, do not suggest that they are unable to present facts essential to justify their denial of the factual allegations of ¶ 4. In any case, Plaintiffs

7

do not deny the existence of the Note or the Assignment. In fact, Plaintiff's Complaint specifically alleges that they executed the Note. <u>See</u> Doc. 1-1, ¶ 5. Additionally, the Complaint alleges that the Assignment from First Franklin to Defendant was made in November 2010. <u>See</u> Doc. 1-1, ¶ 8. Plaintiffs' purported response to the factual actual allegations of ¶ 4 does not, in fact, respond to those factual allegations as Plaintiffs only contest their obligation pursuant to the Note based on Defendant's alleged failure to present them with the actual Note. As such, the court will deem the factual allegations of ¶ 4 as undisputed for purposes of the pending Motion for Summary Judgment. <u>See</u> Rule 56(e)(2); Local Rule 7-4.01(E).

Also, upon denying the allegations of ¶ 4, Plaintiffs argue that they made repeated demands for "presentment of the Note," pursuant to the Uniform Commercial Code ("UCC"), Mo. Rev. Stat., § 400.3-501. This statutory provision defines "Presentment" and regulates presentment of negotiable instruments. The Note states, in relevant part, that Plaintiffs "waive[d] the rights of Presentment and Notice of Dishonor. 'Presentment' means the right to require the Note Holder to demand payment of amounts due. 'Notice of Dishonor' means to the right to require the Note Holder to give notice to other persons that amounts due have not been paid." Doc. 17, Ex. A-2. The court finds, therefore, that the undisputed facts establish that, pursuant to the Note, Plaintiffs waived their rights of Presentment. As such, Plaintiffs' reliance on Mo. Rev. Stat. § 400.3-501 is misplaced.

In compliance with Rule 56 and Local Rule 7-4.01(E), in support of the allegation in its Statement of Uncontroverted Facts, ¶ 6, that Plaintiff's defaulted on the Note and Deed of Trust when they ceased making payments, Defendant cites Ms. McCray's affidavit. Defendant also cites the testimony of Plaintiff Christopher Braudis in his deposition. In particular, Plaintiff Christopher Braudis testified that, in November of 2010, Plaintiffs stopped making payments to Defendant and that, on a Chapter 13 Statement of Income, he stated that Defendant was one of his creditors, that

his home was the property secured by that debt, and that the amount of the claim was $259,976.36. Doc. 18, Ex. B at 23, 28-30.  Additionally, Plaintiff Christopher Braudis testified, under oath in his deposition, that he was given an opportunity to cure the default within ten days and that he did not do so. Doc. 18, Ex. B at 35.

Upon denying the factual allegation of ¶ 6 that they defaulted on the Note and Deed of Trust, Plaintiffs do not deny that they defaulted.  Plaintiffs merely state that they did not have an obligation to Defendant. Doc. 23, ¶ 6.  The court finds that Plaintiffs' response to Defendant's Statement of Uncontroverted Fact, ¶ 6, fails to comply with the Fed. R. Civ. P. 56 and Local Rule 7-4.01(E).  As such, the court will deem the factual allegations of ¶ 6 of Defendant's Uncontroverted Facts as undisputed for purposes of the pending Motion of Summary Judgment. See Rule 56(e)(2).

In support of their denial of the factual allegations of ¶ 9 of Defendant's Uncontroverted Facts regarding the balance due to Defendant, Plaintiffs merely state that they deny owing any debt to Defendant.  The court finds that this denial fails to comply with the requirements of Fed. R. Civ. P. 56 and Local Rule 7-4.01(E).  Moreover, as discussed above, Plaintiff Christopher Braudis admitted in his deposition that Plaintiffs ceased paying their obligations under the Note and Deed of Trust, and he stated, in bankruptcy pleadings, that Defendant was one of his creditors, that his home was the property secured by that debt, and that the amount of the claim was $259,976.36.  Defendant alleged, as ¶ 8 of its Statement of Uncontroverted Facts, that the home sold for $165,000 and Plaintiffs have admitted this fact.  As such, the court will deem the factual allegations of ¶ 9 of Defendant's Undisputed Facts as undisputed for purposes of the pending Motion of Summary Judgment. See Rule 56(e)(2); Local Rule 7-4.01(E).

In conclusion, the court finds that all matters set forth in Defendant's Statement of Uncontroverted Facts are deemed admitted, including that Plaintiffs are in default under the Note;

that Defendant is the legal holder of the Note; and that there is a remaining balance of $137,517.13 on the Note due to Defendant, with interest and fees to accrue.  Further, the undisputed facts establish that Defendant has standing to assert that it is entitled to receive payment on the Note.   As such, the court finds that there are no genuine issues of material fact regarding the allegations of Plaintiffs' Complaint; that, the undisputed facts establish that Plaintiffs are not entitled to judgment that they are the fee simple owners of the real estate at issue, as alleged in Count I of their Complaint; that the allegations of Counts II and III are without merit; and that, therefore, summary judgment should be granted in favor of Defendant in regard to all Counts of Plaintiffs' Complaint.  Additionally, the court finds that there are no genuine issues of material fact as to the allegation of Defendant's Counterclaim that Plaintiffs owe Defendant $137,517, with interest and fees to accrue, and that, therefore, summary judgment should issue in Defendant's favor as to its Counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant Vanderbilt Mortgage and Finance, Inc., is **GRANTED,** in its entirety; Doc. 16

**IT IS FURTHER ORDERED** that a separate Judgment in incorporating this Memorandum Opinion shall issue this same date and that such Judgment shall be entered in favor of Defendant in regard to Plaintiffs' Complaint in its entirety and in regard to Defendant's Counterclaim. Docs. 1-1, 15.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 28th day of  February, 2012.

11